UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TROY SMITH,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>SDCC MEDICAL, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:24-cv-02171-RFB-NJK<br><br>**ORDER** |

Plaintiff Troy Smith brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correctional Center. ECF No. 1-1. On December 6, 2024, this Court ordered Smith to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee on or before February 4, 2025. ECF No. 4. The Court warned Smith that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $405 filing fee for a civil action by that deadline. That deadline expired and Smith did not file a fully complete application to proceed *in forma pauperis*, pay the full $405 filing fee, or otherwise respond.

**I.   DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal

1  Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In
2  determining whether to dismiss an action on one of these grounds, the Court must consider: (1)
3  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
4  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
5  cases on their merits; and (5) the availability of less drastic alternatives. See In re
6  Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone v.
7  U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987)).

8      The first two factors, the public's interest in expeditiously resolving this litigation and the
9  Court's interest in managing its docket, weigh in favor of dismissal of Smith's claims. The third
10 factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of
11 injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court
12 or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
13 factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by
14 the factors favoring dismissal.

15     The fifth factor requires the Court to consider whether less drastic alternatives can be used
16 to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish
17 v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic
18 alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord
19 Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive
20 force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives
21 prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting
22 of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been
23 "eroded" by Yourish). Courts "need not exhaust every sanction short of dismissal before finally
24 dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan,
25 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and
26 unless Smith either files a fully complete application to proceed *in forma pauperis* or pays the
27 $405 filing fee for a civil action, the only alternative is to enter a second order setting another

deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Smith needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.    CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Smith's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $405 filing fee in compliance with this Court's December 6, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Smith wishes to pursue his claims, he must file a complaint in a new case.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff is required to explain what circumstances delayed him from paying the filing fee or filing the application to proceed *in forma pauperis* and a complaint in compliance with LSR 2-1. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

**DATED: March 31, 2025**

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**