**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TROY SMITH,

    Plaintiff,

    v.

SDCC MEDICAL, et al.,

    Defendants.

Case No. 2:24-cv-02171-RFB-NJK

**ORDER**

[Docket Nos. 21, 22]

This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. The Court entered a screening order on August 22, 2025. Docket No. 9. The screening order imposed a stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. Docket Nos. 9, 12. The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. Docket No. 14.

After the mediation conference, the Court denied Plaintiff's application to proceed *in forma pauperis* and directed Plaintiff to pay the filing fee in full because the financial information that he submitted showed that he did not qualify for *in forma pauperis* status. Docket No. 15. The Court granted Plaintiff's first motion for an extension to pay the filing fee. Docket Nos. 16, 19. Plaintiff subsequently filed a second motion for an extension, Docket No. 22, and a motion "on misconduct," Docket No. 21.

In his motion on misconduct, Plaintiff states that he submitted a request to pay the filing fee, but because of mistakes by NDOC staff in processing his request, the filing fee had not yet been paid. Docket No. 21. The only request that Plaintiff appears to make in the motion is that the Court not hold him responsible for the delay. About a week later, the Court received the filing fee in full. Docket No. 23. The Court understands that there can be paperwork errors in processing inmate requests, and long delays for NDOC banking to process inmate requests even when there

1

are no errors.  The Court does not hold Plaintiff responsible for the delay.  Because the Court has now received the filing fee in full, the Court denies the motion for a second extension as moot.

For the foregoing reasons, **IT IS ORDERED** that:

1.      The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint, Docket No. 10, on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

2.      Service must be perfected no later than **June 11, 2026**, pursuant to Fed. R. Civ. P. 4(m).

3.      Subject to the findings of the screening order, Docket No. 9, no later than **April 3, 2026**, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

4.      If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

5.      If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the first amended complaint, Docket No. 10, no later than **May 12, 2026**.

6.      Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for

2

consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

7.   This case is no longer stayed.

8.   Plaintiff's motion on misconduct, Docket No. 21, is **DENIED** as moot.  Plaintiff's motion for a second extension, Docket No. 22, is **DENIED** as moot.

IT IS SO ORDERED.

DATED:  March 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3